```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                   WESTERN DISTRICT OF PENNSYLVANIA


SUSAN E. EVANS,                     :   Civil Action No.:
                                    :
         Plaintiff,                 :
                                    :
vs.                                 :   COMPLAINT
                                    :
                                    :   FILED ON BEHALF OF:
OFFICERS AND EMPLOYEES              :   Plaintiff, Susan E. Evans
PENSION PLAN OF THE CITY OF         :
BUTLER, BUTLER COUNTY,              :
PENNSYLVANIA; CITY COUNCIL OF       :   COUNSEL OF RECORD FOR THIS
THE CITY OF BUTLER,                 :   PARTY:
PENNSYLVANIA, IN THE CAPACITY       :   Neal A. Sanders, Esquire
OF PLAN ADMINISTRATOR OF THE        :   LAW OFFICES OF NEAL A. SANDERS
OFFICERS AND EMPLOYEES PENSION      :   1924 North Main Street Ext.
PLAN OF THE CITY OF BUTLER;         :   Butler, Pennsylvania  16001
                                    :
         Defendants.                :   (724) 282-7771
                                    :   PA I.D. No.: 54618
                                    :
                                    :
```

## COMPLAINT

**AND NOW**, comes Plaintiff, Susan E. Evans, by and through her undersigned counsel, and files this Complaint pursuant to the Federal Rules of Civil Procedure, and therein provides the following:

## PARTIES

1. Plaintiff, Susan E. Evans, is an adult individual currently residing at 600 East Pearl Street, Butler, Pennsylvania 16001.

2.   Defendant, Officers and Employees Pension Plan of the City of Butler, Butler County, Pennsylvania (hereinafter referred to as "Defendant Plan"), is a pension and disability pension plan enacted by the City Council of the City of Butler, Butler County Pennsylvania.  The current version of the Defendant Plan was adopted by the city council on March 21, 2002 by Ordinance No. 1515, and was made effective January 1, 2002.  Defendant Plan is an employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1002(1).  A true and correct copy of the plan instrument for the Defendant Plan is attached hereto as Exhibit 1.

3.   The City Council of the City of Butler, Pennsylvania ("Defendant Administrator") is designated as the Plan Administrator of the Defendant Plan by §57-1 of the Defendant Plan.  As Plan Administrator, the City Council of the City of Butler, Pennsylvania is a fiduciary of Defendant Plan.  Defendant Administrator has a business address of Butler City Building, 140 West North Street, Butler, PA 16001-5298.

**JURISDICTION AND VENUE**

4.   Plaintiff brings this action under the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 et seq.

5.  Jurisdiction is conferred upon this Court by ERISA, 29 U.S.C. §1132(e) and 28 U.S.C. §1331.

6.  Venue is proper in the Western District of Pennsylvania as this is the district in which the Defendant Plan is administered.

## COUNT I
## 29 U.S.C. § 1132(a)(3)

7.  Plaintiff brings this action pursuant to ERISA, 29 U.S.C. §§ 1132(a)(3), 1104(a)(1)(A) and 1104(a)(1)(D), for breach of fiduciary duty.

8.  29 U.S.C. §1052(a)(1) provides:

    (A) No pension plan may require, as a condition of participation in the plan, that an employee complete a period of service with the employer or employers maintaining the plan extending beyond the later of the following dates-

      (i)  the date on which the employee attains the age of 21; or

      (ii) the date on which he completes 1 year of service.

9.  29 U.S.C. §1052(a)(3)(A) provides:

    For purposes of this section, the term "year of service" means a 12-month period during which the employee has not less than 1,000 hours of service. For purposes of this paragraph, computation of any 12-month period shall be made with reference to the date on which the employee's employment commenced, except that, in accordance with regulations prescribed by the Secretary, such computation may be made by reference to the first day of a plan year in the case of an employee who does not complete 1,000 hours of service during the

        12-month period beginning on the date his employment commenced.

10. 29 U.S.C. § 1052(a)(4) provides, in relevant part:

    (4) A plan shall be treated as not meeting the requirements of paragraph (1) unless it provides that any employee who has satisfied the minimum age and service requirements specified in such paragraph, and who is otherwise entitled to participate in the plan, commences participation in the plan no later than the earlier of-

        (A) the first day of the first plan year beginning after the date on which such employee satisfied such requirements, or

        (B) the date 6 months after the date on which he satisfied such requirements...

11. The Defendant Plan defines Plan Year as, "The twelve-month period beginning on January 1 and ending on December 31."

12. Plaintiff was employed by the Defendant on April 25, 1994.

13. Although initially categorized as a part-time employee, Plaintiff had more than 1000 hours of service in 1994 and in each following calendar year until her retirement. True and correct copies of Plaintiff's weekly hour tallies for the years 1994 through 1998 are attached hereto as Exhibit 2.

14. Accordingly, under the provisions of ERISA cited above, Plaintiff was entitled to participate in the plan as of the Plan Year starting January 1995, or at the latest, October 25, 1995, six months after the first full year of employment in which she completed 1000 hours of service.

15. On or about January 17, 1998, Plaintiff became a full time employee of the City of Butler and became a participant of the Defendant Plan by contributing 5% of her wages to the Defendant Plan.

16. Plaintiff retired from her employment with the City of Butler effective July 21, 2015.

17. Plaintiff's gross monthly pension benefit is $1,286.26, or 42.4% of her average monthly compensation of $3,026.50.

18. Plaintiff's monthly pension benefit was calculated based on her participation in the Defendant Plan from January 17, 1998 through July 21, 2015.

19. Section 57-14 of the Defendant Plan provides that a participant who retires on or after his or her normal retirement date shall be entitled to a monthly retirement benefit equal to 50% of the participant's average compensation.

20. The Defendant Plan defines "normal retirement age" as, "The later of attainment of age 60 or completion of 20 years of credited service."

21. At the time of her retirement, Plaintiff was sixty years of age.

22. Pursuant to 29 U.S.C. § 1104(a)(1)(A), a fiduciary must discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries.

23. Fiduciaries breach the duty imposed by 29 U.S.C. § 1104(a)(1) if they mislead plan participants or misrepresent the terms or administration of a plan.

24. Fiduciaries are under a duty to communicate material facts affecting the interests of plan participants or beneficiaries whether or not the plan participants or beneficiaries requests this information.

25. The Defendant Administrator breached this duty by failing to inform Plaintiff that she was entitled to participate in the Defendant Plan as of either January 1995 or October 25, 1995, despite the fact that she was so entitled pursuant to 29 U.S.C. §§ 1052(a)(1), 1052(a)(3)(A), and 1052(a)(4).

26. The Defendant Administrator further breached this duty in that the documentation provided by the Defendant Administrator during Plaintiff's employment, including the Summary Plan Descriptions, indicated that part time employees were not eligible to participate in the Defendant Plan.  This exclusion was made without reference to hours of service which is in violation of the ERISA provisions cited above.  The Summary Plan Description(s) distributed by the Defendant Administrator during Plaintiff's employment are not available to Plaintiff but is/are in the control of the Defendant Administrator.

27. The Defendant Administrator's breach of the duty imposed by 29 U.S.C. § 1104(a)(1)(A) was a material

misrepresentation of Plaintiff's rights under ERISA and the Defendant Plan.

28. Pursuant to 29 U.S.C. § 1104(a)(1)(D), the Defendant Administrator has a duty to discharge its duties in a manner consistent with ERISA.

29. As specifically stated above, the Defendant Administrator breached its duty under 29 U.S.C. § 1104(a)(1)(D) by failing to discharge its duties in a manner consistent with 29 U.S.C. §§ 1052(a)(1), 1052(a)(3)(A), and 1052(a)(4).

30. As a result of the Defendant Administrator's aforesaid breaches of fiduciary duties, Plaintiff was denied three years of participation to which she was entitled under the provisions of ERISA.

31. Had Plaintiff commenced participation at the time she became entitled to participate, she would have had twenty years of credited service at the time of her retirement and would have received a normal retirement benefit of 50% of her average monthly compensation of $3,026.50, i.e. $1,513.25.

32. Plaintiff has exhausted her administrative remedies under the Defendant Plan, which concluded on or about November 5, 2015 with the City Council voting 4-1 to deny Plaintiff the relief sought herein.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court rule that Plaintiff is entitled to the equitable remedy of restitution in the following particulars:

    A. Due to the malfeasance of the Defendants, the Plaintiff is relieved of the pay in obligation and the Court shall not direct the Defendant Administrator to receive from Plaintiff the amount of money that she would have contributed to the Defendant Plan during the period of January 1, 1995 through January 16, 1998 had she been permitted to participate in the Defendant Plan as she was entitled to pursuant to ERISA, 29 U.S.C. §§ 1052(a)(1), 1052(a)(3)(A), and 1052(a)(4) and,

    B. The Court shall direct that, the Defendant Administrator adjust Plaintiff's monthly pension benefit to the normal retirement benefit of 50% of her average monthly compensation or a lump sum payment acceptable to the Plaintiff in lieu of an increase in her monthly benefit and,

    C. Payment of Plaintiff's attorney fees to be determined by the Court.

Respectfully submitted,

LAW OFFICES OF NEAL A. SANDERS

Dated: March 9, 2016    By: /s/Neal A. Sanders
Neal A. Sanders, Esquire
PA ID NO. 54618
Counsel for Plaintiff,
Susan E. Evans

Law Offices of Neal A. Sanders
1924 North Main Street Ext.
Butler, PA 16001

(724) 282-7771