IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SUSAN E. VANS,

    Plaintiff,

v.

CITY OF BUTLER, et al.,

    Defendants.

No. 2:16-cv- 273

Lisa Pupo Lenihan
United States Magistrate Judge

## OPINION AND ORDER

*Lenihan,* M.J.

### SYNOPSIS

In this case, Plaintiff, a recently retired employee of the Defendant City of Butler ("City"), asserts that she was deprived of equal protection of the law when she was classified as a part-time employee, despite working full-time hours, and was denied credit for pension purposes as a result of that designation. She brings an equal protection claim pursuant to 42 U.S.C. § 1983. Defendants have filed a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 15]. Plaintiff has filed a response [ECF No. 17, 18], and Defendants replied thereto [ECF No. 19]. The Motion is now ripe for disposition. For the following reasons, the parties will be afforded the opportunity to engage in a period of limited discovery directed towards the timeliness of Plaintiff's suit.[1]

---

[1] Although they are not subject to either full consideration or resolution in today's Opinion and Order, the Court notes that Defendants assert fairly effective arguments regarding deficiencies in Plaintiff's pleading of municipal liability and equal protection. Any such defects, however, would be amenable to cure by amendment. As to

1

**I. Background**

Plaintiff's Amended Complaint alleges that she was designated a part-time employee of the City from the time her employment commenced in 1994, until she was designated a full-time employee in 1998. During that time, Plaintiff alleges that she worked as many or more hours as those designated as full-time employees.

At all pertinent times, Defendants maintained a pension plan (the "Plan"). Under the terms of the Plan, part-time employees could not participate in the Plan, regardless of the number of hours worked per year, or years of service. On or about January 17, 1998, when Plaintiff was designated a full-time employee, she became a participant of the Plan by contributing five percent of her wages to the Plan. She alleges that she retired effective July 21, 2015, at the age of sixty, believing that she had twenty years of credited service. Plaintiff further avers that designated part-time employees who work full-time hours, and are thus deprived of full pension benefits, are predominantly female.

Plaintiff claims that Defendants, by enforcing and interpreting arbitrary designations of full-time or part-time, regardless of number of hours worked, and thus denying Plan participation on that basis, denied Plaintiff equal protection of the law.

**II. Standard of Review**

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Upon review of a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011), cert. denied, 132

---

Defendants' exhaustion argument, a plaintiff suing under a Section 1983 action generally need not exhaust administrative remedies prior to bringing a federal claim for denial of constitutional rights. See, e.g., Bowman v. Pennsauken, 709 F. Supp. 1329, 1337 (D.N.J. 1989).

S. Ct. 1861 (2012). However, as the Supreme Court of the United States has made clear, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach, emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 555). Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." Id.

To determine the legal sufficiency of a complaint after Twombly and Iqbal, the United States Court of Appeals for the Third Circuit instructs that a district court must take a three step approach when presented with a motion to dismiss for failure to state a claim. Santiago v. Warminster Twp., 629 F.3d 121, 130 n.7 (3d Cir. 2010). First, "the court must "tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (quoting Iqbal, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" Id. (quoting Iqbal, 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" Id.

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012). The Court "must then determine

whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. at 211 (quoting Iqbal, 556 U.S. at 679). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79.

### III. Legal Analysis

Defendants argue that Plaintiff knew that she was not contributing to the Plan until 1998, because she was ineligible due to her employment status, and that she began contributing a percentage of her wages upon attainment of eligibility on January 16 or 17, 1998. Accordingly, Defendants argue, her claims accrued no later than January 16, 1998, the date that she attained full-time status and became eligible to contribute to the Plan. In opposition, Plaintiff points to her allegations that she retired in 2015 based on the belief that she had twenty years of credited service, and that she had been working full-time hours for more than twenty years, even though she was not designated as a full-time employee for all of those years.

The limitations period for civil actions brought under 42 U.S.C. § 1983 is determined by state law. Under Pennsylvania law, the applicable limitations period for civil rights actions asserted under 42 U.S.C. § 1983 is two years. See 42 Pa. C.S. § 5524. In turn, the date when a civil rights action accrues is a matter of federal law. Albright v. Oliver, 510 U.S. 266, 280 n.6, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (J. Ginsburg, concurring). Under federal law, "[a] section 1983 cause of action accrues when the plaintiff knew or should have known of the injury

4

upon which its action is based." Peele v. McLaughlin, 641 F. App'x 111, 112 (3d Cir. 2016) (quoting Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

Although the statute-of-limitations is usually an affirmative defense, a plaintiff bears the burden to demonstrate timeliness if the claim is time barred on the face of a complaint. Johnson v. GlaxoSmithKline LLC, 636 F. App'x 87, 89 (3d Cir. 2016). As the Third Circuit Court of Appeals has observed:

> [W]hile a court may entertain a motion to dismiss on statute of limitations grounds… it may not allocate the burden of invoking the discovery rule in a way that is inconsistent with the rule that a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense. This distinction comes to the fore here, where the applicability of the discovery rule is not evident on the face of the complaint but the plaintiff also does not plead facts that unequivocally show that the discovery rule does not apply.

Schmidt v. Skolas, 770 F. 3d 241, 251 (3d Cir. 2014) (citations omitted).

Plaintiff, however, argues that the statutory period should be tolled. She points to the principle that the running of the statute is delayed "until the plaintiff knew, or through the exercise of reasonable diligence should have known, of the injury and its cause." Beauty Time, Inc. v. VU Skin Systems, Inc., 118 F. 3d 140, 144 (3d Cir. 1997). "The discovery rule is a judicially created device which tolls the running of the applicable statute of limitations until the point where the complaining party knows or reasonably should know that he has been injured and that his injury has been caused by another party's conduct." Skolas, 770 F.3d at 251.

Viewing the allegations in the light most favorable to Plaintiff does not permit a definitive finding that Plaintiff knew or should have known the pertinent facts, through the exercise of reasonable diligence or otherwise, at any point prior to her retirement. As a result, Rule 12(b)(6) dismissal is unjustified at this juncture. In the interests of economy and efficiency, the benefits of which inure to both the parties and the Court, the issue of timeliness should be

5

resolved as a threshold matter.  Therefore, the Court will Order a period of limited discovery, directed towards that issue, followed by an opportunity for supplemental briefing.

**IV. Conclusion**

In conclusion, Defendants' Motion, to the extent that it asserts a statute of limitations defense, shall be held in abeyance pending a thirty-day period of discovery limited to the timeliness of Plaintiff's suit.  An appropriate Order follows.

**ORDER**

**AND NOW**, this 6th day of January, 2017, **IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that the parties may engage in a period of discovery limited to addressing the timeliness of Plaintiff's claim.  Discovery shall be complete by February 6, 2017.  Defendants may file a supplemental brief addressing the statute of limitations by February 13, 2017; Plaintiff may respond thereto by February 21, 2017.

BY THE COURT:

_____
LISA PUPO LENIHAN
U.S. Magistrate Judge

cc: Counsel of Record
*Via CM/ECF*