IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN E. EVANS, | ) |
| Plaintiff, | ) No. 2:16-cv-273 |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| CITY OF BUTLER, *et al.*, | ) ECF No. 15 |
| Defendants. | ) |

**OPINION**

<u>LENIHAN</u>, M.J.

In this case, Plaintiff, a recently-retired employee of the Defendant City of Butler ("City"), asserts that she was deprived of equal protection of the law when she was classified as a part-time employee, despite working full-time hours, and was denied credit for pension purposes as a result of that designation. She brings an equal protection claim pursuant to 42 U.S.C. § 1983.[1] Upon consideration of Defendants' Motion to Dismiss, the Court afforded the parties the opportunity to engage in a period of limited discovery directed towards the timeliness of Plaintiff's suit, while the remainder of the Motion was held in abeyance. The parties were also given a reasonable opportunity to submit all material pertinent to the statute of limitations, and have filed such materials along with supplemental briefs. The issue is now ripe for review. For the following reasons, Defendants' Motion will be granted, and Plaintiff's Amended Complaint dismissed.

---

[1] Plaintiff's initial Complaint stated an ERISA claim. She later amended the pleading to omit the ERISA claim, and to assert a Section 1983 claim instead.

1

I. **Background**

Plaintiff initiated this action by Complaint, filed on March 9, 2016. Plaintiff's now-operative Amended Complaint alleges that she was designated a part-time employee of the City from the time her employment commenced in 1994, until she was designated a full-time employee in 1998. Amended Complaint, ¶¶10-12. Between 1994 and 1998, Plaintiff alleges that she worked as many or more hours as those designated as full-time employees. Id. at ¶11. At all pertinent times, Defendants maintained a pension plan, the Officers and Employees Pension Plan of the City of Butler (the "Plan"). Id. at ¶¶13-14. Under the terms of the Plan, part-time employees could not participate in the Plan, regardless of the number of hours worked per year, or years of service. Id. at ¶16. Plaintiff avers that employees who are designated part time but work full-time hours, yet are deprived of full pension benefits due to their part-time designation, are predominantly female. Id. at ¶30.

On or about January 17, 1998, when Plaintiff became a full-time employee, she became a participant of the Plan, and began contributing five percent of her wages to the Plan. Id. at ¶20. She retired effective July 21, 2015, at the age of sixty, believing that she had twenty years of credited service. Id. at ¶21. She acknowledges that she understood, in 1998, that money was being withheld for pension payments, but was not withheld previously. Supplemental Brief in Support of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, Ex. A ("Deft. Ex. A"), pp. 28-29.[2] Moreover, prior to 2014, she knew that part-time employees did not receive a retirement pension, and full-time employees did receive a retirement pension. Id. at p. 54.

In terms of Plaintiff's conduct, she testified that she generally did not open the paystubs, which reflected deductions, that she received in the mail; and that she received pension

---

[2] For ease of reference, because Defendant submitted the complete deposition of Plaintiff's transcript, citations thereto refer to the exhibit attached to Defendant's supplemental filing, and not to the excerpts of the transcript attached to Plaintiff's.

2

statements reflecting her participation in 1999 and later years, but chose not to read them because she "wasn't thinking about retiring," and "[i]t wasn't important" to her at the time. Id. at pp. 73, 84-85, 87-88. As Plaintiff acknowledges, "[i]t is unconstested that [her pay stubs and pension statements] contain information concerning pension plan deductions and Evans' initial participation date." Plaintiff's Supplemental Brief in Opposition to Defendant's Motion to Dismiss, p. 8.

In May of 1998, Plaintiff was advised that social security had been withheld in error, because she was a member of the Plan, and that she would be reimbursed. Id. at pp. 28-29. Prior to 2014, she did not understand the relation between pay deductions related to pension and social security, and made no inquiry regarding the deductions or reimbursement. Id. at pp. 29-30. At pertinent times, Plaintiff had the opportunity to ask supervisors about the deductions, but did not ask any questions. Id. at p. 74. She first learned of the injury and its cause on July 21, 2014, when she spoke with a representative of the company that handles the City's pension fund. Id. at pp. 91, 93, 95. At that time, Plaintiff was beginning to think about retiring, and spoke to the representative concerning her interest. Id. at p. 91.

In addition to the facts and averments of record, those that are not of record bear mention. Plaintiff does not suggest that Defendant engaged in any conduct, misleading or otherwise, that precluded her from learning or inquiring about her participation in the Plan; nor does she identify any facts to the effect that information regarding her Plan eligibility or participation were in any way self-concealing or difficult to obtain at any time prior to 2014. Indeed, the record is devoid of evidence that Plaintiff undertook any inquiry, exploration, or investigation at all regarding her retirement benefits or status prior to July 21, 2014. Further, she neither avers nor suggests that

she did not know prior to 2015 that part-time workers, precluded from Plan participation, were predominantly female.

## II. Standard of Review

This matter was presented to the Court pursuant to Rule 12(b)(6), and in the supplemental briefs filed following the limited period of discovery, the parties continue to point to Rule 12 standards. Upon review of a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011), cert. denied, 132 S. Ct. 1861 (20120). However, as the Supreme Court of the United States has made clear, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

However, pursuant to Fed. R. Civ. P. 12(d), to the extent that Defendants' Motion relies on matters outside the pleadings, it must be considered under Fed. R. Civ. P. 56. Rule 56(c)(2) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The non-movant "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 381 F. App'x 211 (3d Cir. 2010) (quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005)). The court must consider the evidence, and all reasonable inferences that may be drawn from it, in the light

most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

**III. Legal Analysis**

As a threshold matter, Defendants argue that Plaintiff's claim is time-barred. They argue that she knew or should have known that she was not contributing to the Plan until 1998, because she was ineligible due to her employment status, and that she began contributing a percentage of her wages upon attainment of eligibility on January 16 or 17, 1998. Accordingly, Defendants argue, her claims accrued no later than January 16, 1998, the date that she attained full-time status and became eligible to contribute to the Plan. In opposition, Plaintiff points to her allegations that she retired in 2015 based on the belief that she had twenty years of credited service, and that she had been working full-time hours for more than twenty years, even though she was not designated as a full-time employee for all of those years. In essence, she relies on evidence that she had no actual knowledge of the pertinent facts prior to July 21, 2014, when she made inquiries due to her interest in retiring, and urges that the limitations period should be tolled as a result.

The limitations period for civil actions brought under 42 U.S.C. § 1983 is determined by state law. Under Pennsylvania law, the applicable limitations period for civil rights actions asserted under 42 U.S.C. § 1983 is two years. See 42 Pa. C.S. § 5524. In turn, the date when a civil rights action accrues is a matter of federal law. Albright v. Oliver, 510 U.S. 266, 280 n.6, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (J. Ginsburg, concurring). Under federal law, "[a] section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." Peele v. McLaughlin, 641 F. App'x 111, 112 (3d Cir. 2016) (quoting Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). Although the

5

statute of limitations is typically an affirmative defense, a plaintiff bears the burden to demonstrate timeliness if the claim is time barred on the face of a complaint. Johnson v. GlaxoSmithKline LLC, 636 F. App'x 87, 89 (3d Cir. 2016); see also Schmidt v. Skolas, 770 F. 3d 241, 251 (3d Cir. 2014).

Under the injury-discovery rule, a statute may be tolled "until the plaintiff knew, or through the exercise of reasonable diligence should have known, of the injury and its cause." Beauty Time, Inc. v. VU Skin Systems, Inc., 118 F. 3d 140, 144 (3d Cir. 1997). "The discovery rule only tolls the limitations period if a plaintiff can demonstrate that he had no reason to investigate, or that — despite conducting an investigation — he failed to discover the injury." Johnson v. Warner Bros. Entm't, Inc., No. 16-185, 2017 U.S. Dist. LEXIS 20290, at *16 (D. Del. Feb. 14, 2017).

Because the discovery rule asks when and whether a plaintiff "should have known of his injury," it imposes on plaintiffs a duty of diligence. Weiss v. Bank of Am. Corp., 2016 U.S. Dist. LEXIS 161665 (W.D. Pa. Nov. 22, 2016); Cetel v. Kirwan Fin. Grp., Inc., 460 F.3d 494, 506-07 (3d Cir. 2006). As a result, the failure to investigate or exercise reasonable diligence will result in the continued running of a limitations period. See Green v. Assocs. Commer. Corp., No. 1-1270, 2002 U.S. Dist. LEXIS 3503, at *7 (E.D. Pa. Mar. 4, 2002). The Court may decide a discovery rule issue if "the undisputed facts lead unerringly to the conclusion that the time it took to discover an injury was unreasonable as a matter of law." Weston v. City of Phila., No. 13-6073, 2014 U.S. Dist. LEXIS 63509, at *15 (E.D. Pa. May 6, 2014) (quoting A. McD. v. Rosen, 621 A.2d 128, 130 (Pa. Super. Ct. 1993)).

The required degree of diligence has been defined as follows: "A fair, proper and due degree of care and acting, measured with reference to the particular circumstances; such diligence, care, or attention as might be expected from a man of ordinary prudence and activity." Beauty Time, 118 F. 3d at 144 (quoting Black's Law Dictionary 457 (6th ed. 1991)).

> The standard of reasonable diligence is an objective or external one that is the same for all individuals. It is not a subjective standard. The fact that this individual plaintiff may have lacked knowledge of his or her injury is "irrelevant," "the statute is tolled only if a reasonable person in the plaintiff's position would have been unaware of the salient facts.' In defining reasonable diligence, the courts have stated "[t]here are very few facts which diligence cannot discover, but there must be some reason to awaken inquiry and direct diligence in the channel in which it would be successful. This is what is meant by reasonable diligence." Moreover, with respect to knowledge of a claim, "…once a plaintiff possesses the salient facts concerning the occurrence of his injury and who or what caused it, he has the ability to investigate and pursue his claim."

Baily v. Lewis, 763 F. Supp. 802, 80607 (E.D. Pa. 1991), aff'd, 950 F.2d 721 (3d Cir. 1991) (citations omitted).[3]

As the case law makes clear, this objective inquiry "hinges not on a plaintiff's actual awareness of suspicious circumstances or even on the ability of a plaintiff to understand their import." Cetel, 460 F. 3d at 507. Instead, the "polestar" of the inquiry is whether the relevant information was "knowable" through the exercise of reasonable diligence. Spade v. Star Bank, No. 1-3349, 2002 U.S. Dist. LEXIS 21643, at *28 (E.D. Pa. 2002). "In other words, the relevant focus rests on the timing of available knowledge and the duty of inquiry which with Plaintiffs are charged, even if they did not actually gain that knowledge or undertake any inquiry." Weiss, 2016 U.S. Dist. LEXIS 161665, at *11. The diligence standard is critical because "a statute of limitations not based on reasonable discovery is effectively no limitation at all." Miller v. Fortis Benefits Ins. Co., 475 F.3d 516, 522 (3d Cir. 2007).

---

[3] The "reason to awaken inquiry" to which Baily refers is encompassed by the oft-used term "storm warnings," which refers to events or information that would put a plaintiff on notice of her injury, and trigger the duty of diligence. See, e.g., Weiss, 2016 U.S. Dist. LEXIS 161665, at **4-6.

7

Here, the Court accepts that Plaintiff did not know the salient facts prior to July 21, 2014, when she became interested in retiring and undertook inquiry regarding her benefits. It is apparent, however, that her lack of knowledge is attributable to her own passivity and lack of interest and investigation. At a minimum, the following undisputed events should have awakened inquiry: the commencement of mailed pension statements in 1999, for the first time in Plaintiff's employment with the City; the pension withholding from her paychecks commencing in 1998 when she became a full-time employee, again for the first time in her employment with the City; and the notification of mistaken social security deductions in 1998, which included notice that the error was due to her status as a Plan participant. These instances were storm warnings that Plaintiff did not heed. At the latest, Plaintiff should have made some inquiry upon her undisputed receipt of the paystubs, statements, and the notification, but did not do so.

Further, the record is devoid of any suggestion that Plaintiff could not have learned the salient facts in 1998 or 1999, had she made even a minimal attempt or paid attention to the information on her paystubs and pension statements. Assuming that the required "inquiry" here would involve more than mere attention to the paystubs that did not reflect pension deductions until 1998, it is clear that the avenues of further investigation were wide open. Plaintiff testified that she had the opportunity to ask supervisors at work about her deductions and related question, but did not do so. The record is likewise devoid of evidence that any conduct of Defendants interfered with Plaintiff's knowledge. Under all of the circumstances, a reasonable person in the Plaintiff's position at that time could and should have discovered the salient facts through reasonable diligence; it is inescapable that Plaintiff "should have known" of her claim long before she actually learned the facts. In sum, the record leads unerringly to the conclusion that it is unreasonable, as a matter of law, that Plaintiff did not discover her claim before July 21, 2014.

As a final note, the purposes of statutes of limitation support the dismissal of Plaintiff's Amended Complaint. Limitation periods serve the important purposes of encouraging rapid resolution of disputes, avoiding litigation involving lost or distorted evidence, and repose for defendants. E.g., Miller, 475 F.3d at 522. Here, Plaintiff's claim rests on discrimination allegedly occurring approximately twenty years ago, from 1994 through 1998, when Plaintiff was neither full-time nor a Plan participant, and events occurring in 1998, when Plaintiff became both full-time and a Plan participant. To permit her claim to proceed under the attendant circumstances would not only eviscerate the concept of "reasonable diligence," but would contravene the goals of statutes of limitation.

## IV. CONCLUSION

In conclusion, whether applying Rule 12 or Rule 56 standards, Plaintiff's Complaint is time-barred. Although Plaintiff faced an unwelcome surprise upon deciding to retire, the time has passed for her to seek redress in this Court. There is no genuine issue of material fact that impacts the expiration of the statute of limitations; likewise, even accepting Plaintiff's well-pleaded allegations as true, and drawing all reasonable inferences in her favor, she cannot overcome the statutory time bar. Defendant's Motion will be granted to that extent, and the remainder denied as moot. An appropriate Order follows.

Date: Feb. 27, 2017                                BY THE COURT:

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc:   All Counsel of Record
      *Via CM/ECF Electronic Mail*